### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW WILLIAMS | CRIMINAL ACTION<br>NO. 24-390 |

**Pappert, J.**                                              **February 20, 2026**

### MEMORANDUM

Andrew Williams moves for early termination of his three-year term of supervised release.  The Government opposes his motion and the Court denies it.

I

On November 2, 2023, Andrew Williams pleaded guilty to illegally trafficking controlled substances into the United States.  (Gov't Opp'n at 1, 6, Dkt. No. 6.)  He entered the country at the Fort Lauderdale-Hollywood International Airport with over 2,000 pills containing 18.7 grams of hydrocodone, a Schedule II controlled substance.  (*Id.* at 1.)  The Court sentenced him to thirteen months in prison—a downward variance from the Guidelines range of twenty-four to thirty months—followed by three years of supervised release and a $100 special assessment.  (*Id.* at 2.)  Williams completed his prison sentence and began his supervised release term on September 5, 2024.  (Mot. for Early Termin. ¶ 1, Dkt. No. 4.)  He has served about seventeen months of that term.  (*Id.* ¶ 2.)

In seeking early termination, Williams says he has "maintained a spotless record."  (*Id.* ¶ 3.)  He has no traffic tickets or citations, has paid court-ordered fines in full, and has complied with reporting and drug-testing requirements.  (*Id.*)  He

purportedly "has taken full responsibility for his conduct" and "learned from his mistake." (*Id.* ¶ 4.) Since his sentence, Williams has maintained steady employment, supported his girlfriend, paid down his debts and reconciled prior family differences. (*Id.*)

## II

The Court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When assessing early termination, the Court considers:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (listing the 18 U.S.C. § 3553(a) factors relevant to a request for early termination of supervised release) (citations omitted). The "expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a range of circumstances when determining whether to grant early termination." *Id.* (citation modified).

## A

Williams has not shown the relevant sentencing factors support early termination. First, the nature of his offense—trafficking narcotics into the United

States—was serious.  And he admitted that incident was not his first: He previously brought oxycodone, a Schedule II controlled substance, into the country.  (Gov't Opp'n at 1.)

Second, though Williams has no traffic infractions, maintaining his supervised release will help keep him from "backslid[ing]" and "protect against future criminal conduct."  *United States v. Thena*, No. 12-cr-133, 2025 WL 2165937, at *2 (E.D. Pa. July 30, 2025).

Third, nothing in the Sentencing Guidelines suggests that Williams's term of supervised release is too long.  The Sentencing Commission added on November 1, 2025 new factors "the court may wish to consider," which include: any history of court-reported violations during the term of supervision, the defendant's ability to lawfully self-manage, substantial compliance with the conditions of supervision, the defendant's engagement in prosocial activities, a demonstrated reduction in risk level, and whether termination will jeopardize public safety.  *U.S. Sentencing Guidelines Manual* § 5D1.4(b) app. n.1(b).  Williams has complied with some of these factors but, for the reasons already stated, the Court still has concerns about the risk he poses to the public given the nature and severity of his crimes.

Finally, Williams has paid his court-ordered restitution.  (Def.'s Mot. at 1.)

B

Williams has not shown early termination would be in the interest of justice. Though his good behavior is noteworthy, it doesn't justify early termination.  *Thena*, 2025 WL 2165937, at *2.  He has shown no particular hardship caused by the conditions of his supervision.  Nor does he present any unforeseen or extraordinary

3

circumstances that show a particular need for early termination.  *Melvin*, 978 F.3d at 53 (explaining that extraordinary circumstances may be sufficient to justify early termination).

The Court credits Williams for his accomplishments and encourages him to satisfactorily complete his term of supervised release.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.